46 709
47 423

## No. 11,536.

## STATE OF LOUISIANA vs. DUNCAN WILLIAMS.

The mere fact of going to the place where the accused lived and seeking an explanation from him does not in itself constitute such an act of hostility as would justify the taking of human life. In order to constitute the overt act or hostile demonstration that would justify the taking of human life there must be some demonstration made by deceased against accused as to impress upon the latter that he was in imminent danger of his life, or some great bodily harm.

In some instances the extent of the overt act which would induce the accused to act in his self-defence is measured by the character of the deceased for a violent, quarrelsome, dangerous and turbulent disposition, notorious in the community or known to the accused.

APPEAL from the Eighteenth District Court, Parish of Lafourche. *Caillouet, J.*

*M. J. Cunningham*, Attorney General, and *B. F. Winchester*, District Attorney, for the State, Appellee.

*John S. Billieu* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The defendant was indicted for murder, tried, convicted and sentenced to death. He appealed.

He relies upon one bill of exception reserved to the ruling of the trial judge.

It is as follows: "The defendant offered to prove by a State witness the turbulent character of the deceased when it was stated by said witness that the deceased living on another place came and sought the accused—that the overt act was complete from that fact."

To this bill the court appended the following statement: "By the court—There was no evidence of any overt act or hostile demonstration by the deceased toward the accused. The deceased went to the plantation where the accused was and asked an explanation about something which deceased had said to his wife about what the deceased had told him (accused) about her. Deceased and accused had some discussion about the matter when a mutual friend interposed and advised them that the matter was too trifling to have any dispute about, whereupon the accused returned into the house, from which he had come, when deceased first called him out. The deceased continued to talk on the gallery of his house with the said mutual friend, and remarked that 'any man who repeated what another had told him about his wife is a son of a bitch.' The accused, who had walked out of the house and gone as far as the steps of the gallery, turned and asked the deceased, 'Do you call me a son of a bitch?' To which accused replied, 'Call you a son of a bitch?' Whereupon, without any movement or demonstration on the part of

deceased, the accused fired the fatal shot. Such was the state of the case as made out by the only eye-witness, at the time the accused offered to prove the turbulent character of the deceased."

The mere fact of going to where the accused lived by the deceased to seek an explanation from the accused did not in itself constitute such an overt act of hostility as would justify the slaying of the deceased. In order to constitute the overt act that would justify the taking of human life there must be some demonstration made by the deceased against the accused of such character as to impress upon him that he was in imminent danger of his life or some great bodily harm. In some instances, the extent of the overt act which would induce the accused to act in his self-defence is measured by the character of the deceased for a violent, quarrelsome, dangerous and turbulent disposition, notorious in the community, or known to the accused.

In the instant case there was no demonstration whatever, according to the trial judge's statement, of the deceased against the accused. Words of abuse alone are not demonstrations against the accused, but they may be important to show the character of the overt act. No overt act accompanied the offensive words addressed by the deceased to the accused.

The learned counsel for the accused urges that had the testimony as to the turbulent character of the deceased been admitted it would have had the effect of lessening the punishment. The jury had before them all the facts in the case, and without the overt act the turbulent disposition of the deceased could have no bearing upon the case. The accused seems to have acted from provocation, but not of such strength as to justify the taking of the life of the deceased.

It was within the province of the jury to return a qualified verdict. But as they did not do so we are powerless to afford the defendant relief.

Judgment affirmed.